THE STATE OF IOWA, Appellee, v. GEORGE CORRICK, Appellant.

Intoxicating Liquors : ORIGINAL PACKAGES : INTER-STATE COMMERCE : STATE LEGISLATION.    Previous to the enactment of the act of August 8, 1890, of the Fifty-first Congress (27 St. 313), intoxicating liquors which had been shipped into Iowa from a foreign state were not subject to condemnation as contraband under the statutes of this state while the liquors remained in the original packages, and before delivery to the consignee.

*Appeal from Davis District Court.*—HON. II. C. TRAVERSE, Judge.

TUESDAY, MAY 19, 1891.

THIS is a proceeding to condemn certain intoxicating liquors, commenced before a justice of the peace. A barrel containing seventy-two bottles of beer was seized by the officer who served the search warrant.

The defendant appeared and claimed to be the owner of the beer, and filed an answer, in which he averred that the beer was not owned or kept to be sold in violation of law. A trial was had, and judgment was rendered, condemning said property. The defendant appealed to the district court, where a trial was had, with a like result. The defendant appeals.—*Reversed.*

*H. C. Taylor* and *S. S. Carruthers,* for appellant.

*John Y. Stone,* Attorney General, and *Thos. A. Cheshire,* for the State.

ROTHROCK, J.—The facts of the case are not in dispute, and are in substance as follows : The defendant made a contract for the purchase of the beer at Bloomfield, Iowa, with a traveling agent of the Dallas Transportation Company. The said company was located in business at Dallas, in the state of Illinois. The beer was not in this state when the contract was made. It was shipped by the transportation company from Dallas, Illinois, to Bloomfield, Iowa, by railway. The bill of lading designated the contents of the barrel as "ginger ale." The barrel was marked with the name of the defendant, and had no other marks or labels thereon, and it was transported to Bloomfield, and unloaded from the car in which it was shipped on the depot platform, and was at once seized by the officer who served the search warrant. This proceeding was commenced, and the beer seized on the tenth day of August, 1889, and the trial was had in the district court in the month of October, 1889. There are other facts in the record, but we think they are not material to a determination of the questions involved in the appeal.

It will be observed that the proceeding was commenced before the decision of the case of *Leisy v. Hardin,* 135 U. S. 100 ; 10 Sup. Ct. Rep. 681, and before the recent legislation by congress relating to the effect of the shipment of intoxicating liquors from one state to another. Under the decision in that case, the

shipment of the beer from Dallas, in the state of Illinois, to Bloomfield, in this state, was a lawful act of interstate commerce, and could not be controlled or regulated by the statutes of this state. It was an original package of merchandise, and as long as it so remained it could not be condemned as contraband. When it was seized by the officer in this proceeding it had not been delivered to the defendant by the railroad company, and had not become part of the common property of this state. Under these circumstances, it was not liable to condemnation, notwithstanding the laws of this state.

The judgment of the district court is REVERSED.